FILED
CLERK
3:19 pm, Mar 07, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LEO DUCHNOWSKI,

              Plaintiff,

-against-

ARMOR CORRECTIONAL HEALTH, INC.;
NASSAU COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL SPOSATO; DR. MARTIN-
NAAR, MEDICAL DIRECTOR, NASSAU
COUNTY JAIL; DR. DONNA HENNING,
MEDICAL DIRECTOR, NASSAU COUNTY
JAIL; CORPORAL LANNING, CORRECTION
OFFICER AT NASSAU COUNTY JAIL; C.O.
MENDEZ, CORRECTION OFFICER AT
NASSAU COUNTY JAIL; C.O. PENGE,
CORRECTION OFFICER AT NASSAU COUNTY
JAIL,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

17-CV-6214(GRB)(ARL)

**GARY R. BROWN, United States District Judge**:

Appearances:

Christopher J. Cassar
*Attorney for Plaintiff*
The Cassar Law Firm, P.C.
13 East Carver Street
Huntington, NY  11743

John J. Doody
John A. Anselmo
*Attorneys for Defendant Armor Correctional Health Inc.*
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street
Suite 2100
New York, NY  10005

1

Thomas A. Adams
Ian Bergstrom
*Attorneys for County Defendants*
Office of the Nassau County Attorney
1 West Street
Mineola, NY  11501

Anne Marie Esposito
*Attorneys for County Defendants*
Conway Farrell Curtin & Kelly, P.C.
48 Wall Street, 20th Floor
New York, NY 10005

In this civil rights action claiming violations of 42 USC §1983 in connection with purportedly inadequate medical care during plaintiff's incarceration, before the Court are revised motions by all defendants seeking the entry of summary judgment in this case, by which the plaintiff, Leo Duchnowski has lodged numerous complaints against defendants concerning his medical care and other treatment during a period of incarceration at the Nassau County Correctional Center, certain aspects of which have been the subject of earlier litigation before this Court.  See *Duchnowski v. County of Nassau et al.*, 15-cv-4699 (E.D.N.Y.) (involving allegations relating to injuries sustained during plaintiff's 2013 arrest); *Burroughs et al. v. County of Nassau*, 13-cv-6784 (alleging claims under ADA and Eighth Amendment, *inter alia*, by disabled detainees at Nassau County Correctional Center). The complaint – which has never been amended – is a rambling account of events dating back as much as a decade (and relating in part to an earlier, time-barred period of incarceration) and seeks "substantial monetary sums." Docket Entry ("DE") 1.  Despite years of litigation and a sprawling record, the resolution of this matter is relatively straightforward.

The motions for summary judgment are decided under the oft-repeated and well-understood standard of review, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor,* 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), incorporated by reference

herein. Following the initial filing of legally defective summary judgment papers, the Court attempted to simplify the matter for the parties by noting

> one issue that can be readily resolved is the applicability of the statute of limitations. The case involves two periods of incarceration of the plaintiff. Plaintiff's last grievance during the first period of incarceration was filed on January 22, 2014 - more than three years before the filing of the complaint in this action. Thus, issues arising during plaintiff's first period of incarceration are plainly barred by the three-year statute of limitations. Thus, the motions for summary judgment are granted as to plaintiff's first period of incarceration.

Electronic Order dated September 30, 2022. Thus, even though, at times, and quite confusingly, plaintiff's counsel makes arguments relating to plaintiff's 2013 apprehension and incarceration, the matters before the Court are limited to his subsequent period of incarceration, which extended from February 22, 2017 through July 31, 2017.

As one threshold matter,[1] this Court must examine whether plaintiff exhausted all administrative remedies under the Prisoner Litigation Reform Act ("PLRA"). As this Court has previously held:

> The purpose of the PLRA is "to reduce the quantity and improve the quality of prisoner suits and to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (internal quotation marks and citation omitted); *see Woodford v. Ngo*, 548 U.S. 85, 93 (2006) (describing the "invigorated exhaustion provision" as a "centerpiece of the PLRA's effort to reduce the quantity of prisoner suits," and explaining that the "PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case") (internal quotation marks and citations omitted); *see Parisi v. Davidson*, 405 U.S. 34, 37-38 (1972) ("The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies"). In furtherance of this objective, 42 U.S.C. § 1997e(a), as amended by the PLRA, provides that "[n]o action shall be brought with respect to prison conditions

---

[1] There are others. For example, though plaintiff sued the Nassau County Sheriff's Office, a non-suable entity. *Miller v. Cnty. of Nassau*, No. 10-CV-3358 (ADS)(AKT), 2013 WL 1172833, at *4 (E.D.N.Y. 2013). ("[I]t is well established that, since the Nassau County Sheriff's Department is an administrative arm of Nassau County, without a separate legal identity, the claims against it are redundant to the claims against Nassau County.").

> under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).
>
> The requirement to exhaust administrative remedies is "mandatory" and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see Ross*, 136 S. Ct. at 1856 ("As we have often observed, that language is mandatory: An inmate shall bring no action (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies") (internal quotation marks and citation omitted); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) ("Exhaustion is mandatory—unexhausted claims may not be pursued in federal court"); *see also Hargrove v. Riley*, No. 04-CV-4587, 2007 WL 389003, at *5-6 (E.D.N.Y. Jan. 31, 2007) ("The exhaustion requirement is a mandatory condition precedent to any suit challenging prison conditions, including suits brought under Section 1983"). As the Supreme Court has made clear, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and includes suits for monetary damages even though such damages are not available as an administrative remedy, *see Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding exhaustion of administrative remedies is required "regardless of the relief offered through administrative procedures"). Further, the PLRA mandates "proper exhaustion" of all remedies which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford,* 548 U.S. at 90 (internal quotation marks omitted) (emphasis in original). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process," *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see Johnson*, 680 F.3d at 238, and provide "the level of detail necessary in a grievance to comply with the grievance procedures," *Amador*, 655 F.3d at 96. Thus, the exhaustion inquiry requires that the court "look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).

*Jones v. Sposato*, No. CV 16-5121(JFB)(GRB), 2017 WL 4023135, at *3–4 (E.D.N.Y. Aug. 22, 2017), *adopted by* 2017 WL 4023345 (E.D.N.Y. Sept. 11, 2017).

In the complaint, the plaintiff asserts that he "filed numerous grievances on all the above claims." DE 1 at 9. While this sort of bald assertion might pass muster on a motion to dismiss, the Court is now presented with an extensive factual record. Based on that record, there only

4

appears to be two or perhaps three grievances filed by the plaintiff. According to the plaintiff's testimony, "On July 24, 2017, [p]laintiff filed grievance advising Defendants of his disability due to a spinal cord injury resulting in a drop foot and inability to ambulate without assistance of a walker or cane." DE 80-9 ¶ 10 (citing plaintiff's deposition Exhibit B at 39-42). The record is unclear as to whether he filed one or two grievances on the issue of assistive walking devices, but it is undisputed that this issue was resolved by the provision of such a device. *Id.* On a separate topic, the defendant filed a grievance "requesting he be provided Neurontin, Flexeril and Percocet" for pain relief. DE 80-9 ¶ 17. Defendant Armor Health filed a response that "plaintiff was on a detox program and was being provided Mobic and Robaxin, two medications appropriate to treat his complaints of pain and proper for plaintiff considering his medical condition and substance abuse issues," and both the grievance and an appeal to the Citizen's Policy and Complaint Review Council were denied. *Id.*

    Thus, the only issue upon which this case could conceivably proceed consistent with the PLRA[2] relates to the selection of painkillers provided to plaintiff during his second incarceration. This question is readily dispatched because the plaintiff's claim is not viable. To meet constitutional standards, detention facilities must afford reasonable care, but that should not suggest that detainees are entitled to choose among competing treatments. "Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments, not the Eighth Amendment." *Williams v. Geraci*, No. 14-CV-5742 (JS)(ARL), 2016 WL 7376969, at *3 (E.D.N.Y. Dec. 19, 2016) (quoting *Wright v. Genovese*, 694 F. Supp. 2d 137, 155 (N.D.N.Y. 2010), *aff'd* 415 F. App'x 313 (2d Cir. 2011)). This principle applies with equal, if not greater force to a selection of painkillers. *See Veloz v.*

---

[2] Armor argues and provides documentation suggesting that plaintiff did not fully exhaust all the relevant appeals. For these purposes, the Court assumes, *arguendo*, that the issue is before the Court.

*New York*, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004), *aff'd* 178 F. App'x 39 (2d Cir. 2006) (holding inactionable inmate's desire for a painkiller stronger than Tylenol). "While prisoners have a right to medical care, they do not have a right to choose a specific type of treatment." *Id.* "[T]he essential test is one of medical necessity and not one simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). And, of course, the viability of plaintiff's claim is further undermined by his history of narcotics addiction, which strengthens defendants' medical determination not to provide him with certain opiates.

Thus, because the only claim that plaintiff has raised which has – arguably – been administratively exhausted is not viable, defendants' motions for summary judgment are GRANTED and the case is dismissed. The Clerk shall enter judgment in favor of defendants and close the case.

The Court also finds pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of these motions would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
March 7, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge